**United States District Court**
For the Northern District of California

1
2
3
4
5                     UNITED STATES DISTRICT COURT
6                     NORTHERN DISTRICT OF CALIFORNIA
7
8    RANDY L. THOMAS,                          No. C-09-1487 EMC
9              Plaintiff,
10        v.                                   **ORDER DISMISSING CASE WITH**
                                               **PREJUDICE**
11   AIDA CORREA,
12             Defendant.
     _____/
13
14
15        Previously, the Court issued an order in which it dismissed, without prejudice, the above-
16   referenced case for lack of subject matter jurisdiction.  The Court gave Plaintiff Randy L. Thomas an
17   opportunity to file an amended notice of removal, which he has now done.  *See* Docket Nos. 8-9.
18   Mr. Thomas has also filed, on behalf of himself as well as his minor son, a document titled "Petition
19   for Writ of Habeas Corpus."  *See* Docket No. 7.  For the reasons discussed below, the Court
20   dismisses the case a second time, this time with prejudice.
21                          **I.   DISCUSSION**
22   A.     Amended Notice of Removal
23        The Court has reviewed Mr. Thomas's amended notice of removal and finds that, for the
24   reasons stated in its prior order, *see* Docket No. 6 (order, filed on 6/1/2009), this Court has no
25   subject matter jurisdiction over the state court case which Mr. Thomas seeks to remove -- *i.e.*, he is
26   not the defendant in the state court case and therefore has no right to remove; the state court
27   complaint on its face does not present a federal question; the requirements of § 1443 removal have
28   not been met; and removal to this Court (as opposed to the federal court in North Carolina) is

United States District Court

For the Northern District of California

1  improper.  The state court case is therefore remanded to the North Carolina state court in which the

2  action was originally filed.

3  B.    Petition for Writ of Habeas Corpus

4        Although the Court does not have jurisdiction over the state court case, Mr. Thomas has, as

5  noted above, now filed an independent federal action on his behalf and on the behalf of his minor

6  son.  Assuming, without deciding, that Mr. Thomas may bring this action on behalf of his son as

7  well as himself, *see* Fed. R. Civ. P. 17(c) (providing that (1) a general guardian or like fiduciary may

8  sue on behalf of a minor and (2) a minor without a duly appointed representative may sue by a next

9  friend or by a guardian ad litem), the Court does not find a basis for a habeas petition.  Federal

10  habeas corpus has never been available to challenge parental rights or child custody.[1]  *See Lehman v.*

11  *Lycoming County Children's Servs.*, 458 U.S. 502, 511 (1982).

12       To the extent Mr. Thomas is bringing a claim for damages pursuant to 42 U.S.C. § 1983, he

13  is no better off.  Although Aida Correa is named as the defendant, the complaint reflects that Mr.

14  Thomas does not take issue with her actions per se but rather with the actions of the state court judge

15  (Christy T. Mann) who adjudicated the custody matter regarding Mr. Thomas's son.  To the extent

16  Judge Mann is being sued in her official capacity for damages, she has sovereign immunity from

17  suit.  *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (explaining that

18  state's sovereign immunity "extends to . . . individual defendants acting in their official capacities").

19  To the extent she is being sued in her individual capacity for damages, she has absolute judicial

20  immunity from suit.  *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (stating that "this Court has

21  consistently adhered to the rule that 'judges defending against § 1983 actions enjoy absolute

22  immunity from damages liability for acts performed in their judicial capacities'").  There is no doubt

23  that the judges' actions that are being challenged by Mr. Thomas are judicial acts and therefore

24  protected.  *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (explaining that

25  "absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative,

26  _____

27       [1] Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails
28  to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

**United States District Court**
For the Northern District of California

1  and executive functions that judges may on occasion be assigned to perform" but that "[r]uling on a

2  motion is a normal judicial function").  Finally, to the extent Judge Mann is being sued for

3  injunctive relief, and not any damages, § 1983 provides that, "in any action brought against a

4  judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall

5  not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42

6  U.S.C. § 1983; *see also Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (noting that § 1983

7  "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity").

8  That is not the case here.[2]

9                                   **II.   CONCLUSION**

10       For the foregoing reasons, the Court hereby remands the state court action to the state court

11  in which the action was originally filed.  The Court also dismisses with prejudice the independent

12  federal action filed by Mr. Thomas on his and his son's behalf.

13       The Clerk of the Court is directed to enter judgment in accordance with this order and close

14  the file in this case.

15

16       IT IS SO ORDERED.

17

18  Dated:  July 10, 2009

19  _____

20  EDWARD M. CHEN
    United States Magistrate Judge

21

22

23

24

25  _____

26       [2] Although the Court does not dismiss on this basis, another problem for Mr. Thomas is whether
    there is personal jurisdiction over Judge Mann.  "For a court to exercise personal jurisdiction over a

27  nonresident defendant [such as Judge Mann], that defendant must have at least minimum contacts with
    the relevant forum [here, California] such that the exercise of jurisdiction does not offend traditional

28  notions of fair play and substantial justice."  *Boschetto v. Hansing*, 539 F.3d 1011, 1015-16 (9th Cir.
    2008).

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RANDY L. THOMAS,

         Plaintiff,

  v.

CORREA et al,

         Defendant.

_____/

Case Number: CV09-01487 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Randy L. Thomas
5906 Barrington Drive
Charlotte,  NC 28215

Dated: July 10, 2009

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk